UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL DOE, a minor; by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor; by and through his Parents JOHN JONES and JANE JONES; and MACY ROE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY, in his official capacity as Superintendent of the Boyertown Area School District; DR. BRETT COOPER, in his official capacity as Principal; and DR. E. WAYNE FOLEY, in his official capacity as Assistant Principal.<br><br>    Defendants. | Case No. 17-1249-EGS<br><br>PLAINTIFFS' BRIEF IN SUPPORT OF AMENDED MOTION TO PROCEED PSEUDONYMOUSLY |

PLAINTIFFS' BRIEF IN SUPPORT OF
AMENDED MOTION TO PROCEED PSEUDONYMOUSLY

INTRODUCTION

Plaintiffs seek leave to proceed in this case using the pseudonyms ascribed to them and their family members in Plaintiffs' Amended Verified Complaint.  Plaintiffs make this request to protect themselves and their family members from publicly revealing their identities so that they and other minor family members may avoid embarrassment, harassment, and retaliation from peers and the public. *See* Dec. ¶¶ 5-7.

The need for anonymity from the public is particularly acute given the

1

contentious and politically charged nature of this case and the highly sensitive subject matter of the events experienced by Plaintiffs. Accusations and unkindness towards those seeking to protect bodily privacy are legion. Therefore, Plaintiffs and their family members seek the protection provided by proceeding using the names ascribed to them in Plaintiffs' Amended Verified Complaint. *See id.* ¶¶ 10-13. The Defendants are not burdened by protecting the names from public disclosure since they are not requesting anonymity from Defendants. Plaintiffs only seeks public anonymity.

## ARGUMENT

Courts will allow plaintiffs to proceed anonymously where they can show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir., 2011) (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Such a showing has been made in cases involving controversial social issues like the one here. *See id.* (citing *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990) (stating that motions to proceed with pseudonyms were granted in cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality").

In order to "determine whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation" courts must balance multiple factors. *Id.* at 409. Courts consistently permit litigants to proceed pseudonymously when the litigants' privacy interests outweigh the public's interest in disclosure of

the litigants' identities and any prejudice to the defendants. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).[1] District courts are given discretion to perform this analysis by looking at "the circumstances of [a] particular case[]," and considering several guiding factors. *James*, 6 F.3d at 238; *see also Frank*, 951 F.2d at 323.

While each circuit sets forth different factors, there is no "conflict as a result of the different factors" because "each court has agreed that their list of factors is not exhaustive. *Megless*, 654 F.3d at 409. Among the factors most relevant here are 1) Plaintiffs and their minor family members face a substantial risk of harm if their privacy is jeopardized, 2) Plaintiffs' identity has been kept confidential, 3) the public interest is that confidentiality be maintained so that cases like this one are litigated,

---

[1] *See also Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) (discussing interests of defendants and holding that "identifying a plaintiff only by a pseudonym is . . . to be allowed only where there is an important privacy interest to be recognized"); *c.f. Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (explaining "[t]he ultimate test" balances a plaintiff's "substantial privacy right" against the "presumption of openness in judicial proceedings."); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (same); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (recognizing "that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed" anonymity); *see also Roe v. Wade,* 410 U.S. 113 (1973) (permitting suit to be prosecuted under pseudonym); *R.K.N. v. Holder*, 701 F.3d 535, 537 n.2 (8th Cir. 2012) (granting motion to proceed pseudonymously without analysis where government did not oppose motion and appellant was seeking asylum based on his membership in a political group and being HIV positive); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (recognizing "exceptions" to "the principle that" [i]dentifying the parties . . . is an important dimension" of public proceedings, including "protect[ing] the privacy of children.").

4) the issues are largely legal and apply to the community at large, 5) the proceedings are against the government, not persons in their individual capacities, and 6) there is no risk of prejudice to Defendants. Here, the circumstances strongly favor permitting Plaintiffs to proceed pseudonymously because balancing the factors demonstrates that the significant privacy interests of Plaintiffs and the minor family members in a case involving embarrassing facts and highly charged social issues outweigh the public benefit in disclosure. Besides, there is no risk of prejudice to the Defendants because the Plaintiffs will not be anonymous to the Defendants.

I. **Plaintiffs and their minor family members face a substantial risk of harm if their privacy is jeopardized.**

Courts routinely recognize that litigants have a substantial risk of harm if their privacy is not maintained through use of pseudonyms. Factors that are relevant to Plaintiffs' privacy interests here include the following: 1) Plaintiffs and their family members are minors attending the same school district, 2) the case involves highly charged social issues, and 3) the issues involving locker rooms and restrooms are matters of utmost intimacy.

   A. **Plaintiffs are particularly vulnerable as child-litigants as are their minor family members attending the same school district.**

Courts heavily weigh the privacy interests of children when assessing whether to provide anonymity. *Stegall*, 653 F.2d at 186 (finding "*especially persuasive . . .* the fact that plaintiffs are children" and noting "the special status and vulnerability of the child-litigants.") (emphasis added). This is appropriate because the Federal Rules of Civil Procedure themselves expressly recognize that unique privacy interests are

at stake in cases involving child-litigants. *See* Fed. R. Civ. P. 5.2(a) (requiring as a "privacy protection" that "a party or nonparty making [an electronic or paper filing with the court] may include only: . . . the minor's initials."). The Second Circuit has held that "this rule [requiring only the use of initials] extends to the child's parents." *S.F. v. Archer Daniels Midland Co.*, 594 F. App'x 11, 12 n.1 (2d Cir. 2014) (citing with approval *P.M. v. Evans–Brant Cent. Sch. Dist.*, No. 08–CV–168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008)); *see also Boyce v. Moberly Pub. Sch. Dist.*, No. 2:06CV00044ERW, 2007 WL 1378427, at *1–2 (E.D. Mo. May 7, 2007) (sealing record where "counsel claims that even if the children's names are substituted with initials, the names would still remain easily identifiable").

Plaintiffs Joel Doe and Jack Jones are minors with minor family members. Plaintiff Mary Smith was a minor at the time of her incident, and also has minor family members. Plaintiff Macy Roe has minor family members. Plaintiffs fear that use of initials will identify them and their minor family members because Boyertown Area School District is a small community. Plaintiffs fear retaliation from some peers and from some members of the public if their identities are discovered. *See* Dec. ¶ 6. Given the vulnerability of the child-litigants and minor family members and that identification of the Guardians would likely lead to the disclosure of the children's identities, this Court should approve the use of pseudonyms.[2]

---

[2] Providing Plaintiffs with a pseudonym will benefit all students, and Plaintiffs would not object to any other potential intervening student from proceeding in a similar fashion. Other courts have granted such protections. In *Bd. of Educ. v. Highland Local Sch. Dist.*, No. 2:16-cv-00524 (S.D. Ohio), the court granted an intervening transgender student's unopposed motion to proceed pseudonymously. *See Order*, ECF No. 28 (Aug. 15, 2016).

> B. Access to private facilities and personal privacy from persons of the opposite sex is a hotly debated and politically charged issue.

Litigating a "highly charged subject[]" often provides a justification for permitting litigants to use pseudonyms. *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1030 (D. Minn. 1998) (noting that courts have allowed pseudonyms in matters involving abortion or artificial insemination); *Doe v. Poelker*, 515 F.2d 541, 542 n.1 (8th Cir. 1975), *rev'd on other grounds*, 432 U.S. 519 (1977) ("'Jane Doe' is a pseudonym . . . utilized throughout this litigation . . . due to the controversial nature of . . . this action[,]" which involved abortion); *Stegall*, 653 F.2d at 186 (permitting pseudonyms in "suit to vindicate establishment clause rights" in part because of the risk of "serious social ostracization based upon militant religious attitudes."). *See also Megless*, 654 F.3d at 408 (quoting *Borough of Morrisville*, 130 F.R.D. at 614) (recognizing that pseudonyms were allowed in cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality").

Courts have recognized that "whether identification poses a risk of retaliat[ion]" is a factor that should be considered. *James,* 6 F.3d at 238–39; *Sealed Plaintiff,* 537 F.3d at 190. Plaintiffs and their minor family members here fear harassment and retaliation from some peers and from the public, *see* Dec. ¶ 6, due to the contentious and politically charged nature of this case, which intensifies the need to protect the privacy interests of Plaintiffs, their Guardians, and family members through disguising their identities from public disclosure.

### C. Issues involving locker rooms and restrooms are matters of "utmost intimacy."

Courts similarly give substantial weight to suits that require litigants to "divulge[] personal information of the utmost intimacy." *S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713; *Milavetz, Gallop & Milavetz P.A.*, 355 B.R. at 762–63 (D. Minn. 2006); *Luckett*, 21 F. Supp. 2d at 1029. Involvement in this litigation forces Plaintiffs to convey information about their personal hygiene practices (changing and personal restroom needs), their bodily and emotional development, their personal beliefs concerning bodily privacy and sexual modesty, and information about how they were impacted by a policy that allowed opposite-sex students to enter restrooms and locker rooms while they were using them. As to Joel Doe and Jack Jones, it would also require them to convey information about how they were impacted by a policy that allowed an opposite-sex student to see them in their underwear. Clearly this information is of a highly personal nature and deserving of privacy protection.

## II. Plaintiffs' identity has been kept confidential.

Though Plaintiffs have been hurt by Defendants' policy, Plaintiffs and their Guardians have been careful to keep out of the public eye. Since Plaintiffs and those affected have exercised care to protect their anonymity, the court should maintain that protection. *See Megless*, 654 F.3d at 409 (listing "the extent to which the identity of the litigant has been kept confidential" as a factor in whether to allow a pseudonym).

### III. The public interest is in maintaining confidentiality.

Because this is an issue of public concern, confidentiality should be maintained so that cases like this one are encouraged. *See id.* (recognizing that "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity" should be considered in a motion like this one). This case is one of public concern affecting everyone in the school district, and similar issues are being raised nationally. Allowing pseudonyms to be used here will encourage others to raise and vindicate their rights through the courts.

### IV. The public interest in disclosure is weak since the issues are largely legal ones affecting everyone in the school district.

This case involves issues common to all persons in the school district because they turn on the legality of the school's policy as to private facilities like locker rooms and restrooms. The public interest in disclosure is particularly weak given that the overriding issues are largely legal, *Sealed Plaintiff,* 537 F.3d at 189–90, and "the public[] interest" is best served by "enabling [the lawsuit] to go forward" through the use of pseudonyms, *Advanced Textile Corp.,* 214 F.3d at 1073.

The public interest in knowing litigants' identities is not served where legal issues predominate because "disguising plaintiffs' identities" does not "obstruct public scrutiny of the important issues in this case." *Id.* at 1072. The issues here involve constitutional, statutory, and common law rights to bodily privacy, and the public interest is not advanced through public knowledge of the identity of these litigants or their family members.

### V. Plaintiffs' claims are asserted against governmental entities not persons in their individual capacities.

Courts give "considerable weight," *Stegall*, 653 F.2d at 186, to whether the litigants are "challeng[ing] governmental activity." *Milavetz, Gallop & Milavetz P.A. v. United States*, 355 B.R. 758, 762–63 (D. Minn. 2006); *Luckett*, 21 F. Supp. 2d at 1029. This is because challenges to the "constitutional, statutory or regulatory validity of government activity . . . involve no injury to the Government's 'reputation,'" whereas suits against private parties may create reputational injury or economic hardship, such that "[b]asic fairness" will often require "the defendants' accusers" to use their real names. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Here, Plaintiffs are challenging the propriety of government activity as they seek to vindicate constitutional and statutory rights. Thus this factor weighs substantially in favor of permitting use of pseudonyms. Where the only anonymity requested is from the public, as opposed to Defendants themselves, those factors weigh even more in favor of permitting Plaintiffs to proceed using a pseudonym.

### VI. Defendants will not be prejudiced by this Court granting relief.

In this case, there is no risk of prejudice to Defendants by allowing Plaintiffs and their Guardians to proceed pseudonymously. To be clear, Plaintiffs and their Guardians are seeking to protect their identities and those of their minor family members from harassment that may arise from some fellow students and from the public at large, *see* Dec. ¶ 6-7. They are not seeking protection from Defendants.

9

## CONCLUSION

The privacy interests of Plaintiffs, their Guardians and minor family members demonstrably outweigh any countervailing consideration favoring public disclosure of their identities. For all the foregoing reasons, Plaintiffs ask this Court to enter an order permitting Plaintiffs and their Guardians to proceed in this case using the pseudonyms ascribed to them in Plaintiffs' Amended Verified Complaint.

Respectfully submitted this 18th day of April, 2017.

By: /s/ Randall L. Wenger

CATHY R. GORDON, PA 56728*
JACOB KRATT, PA 316920
LITCHFIELD CAVO LLP
420 Fort Duquesne Blvd., Suite 600
Pittsburgh, PA 15222
412-291-8246
412-586-4512 Fax
gordonc@litchfieldcavo.com
kratt@litchfieldcavo.com

JORDAN LORENCE, MN 0125210**
KELLIE FIEDOREK, DC 1015807 **
CHRISTIANA HOLCOMB, CA 277427**
ALLIANCE DEFENDING FREEDOM
440 First St. NW, Suite 600
Washington, DC 20001
(202) 393-8690
jlorence@ADFlegal.org
kfiedorek@ADFlegal.org
cholcomb@ADFlegal.org
*Attorneys for Plaintiffs*

RANDALL L. WENGER, PA 86537
JEREMY L. SAMEK, PA 205060
INDEPENDENCE LAW CENTER
23 North Front St.
Harrisburg, PA 17101
(717) 657-4990
(717) 545-8107 Fax
rwenger@indlawcenter.org
jsamek@indlawcenter.org

GARY S. MCCALEB, AZ 018848***
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
gmccaleb@ADFlegal.org

*Application for Admission Forthcoming
**Pro Hac Vice Applications Forthcoming
***Admitted Pro Hac Vice

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Tuesday, April 18, 2017, the foregoing was filed electronically and served on the other parties via the court's ECF system.

The undersigned hereby certifies that counsel for Plaintiffs has also delivered an electronic copy of the foregoing to counsel for Defendants and is sending the same by regular mail to:

> David W. Brown, Esq.
> LEVIN LEGAL GROUP, P.C.
> 1301 Masons Mill Business Park
> 1800 Byberry Road
> Huntingdon Valley, PA 19006
> dbrown@levinlegalgroup.com

/s/ Jacob Kratt
Jacob Kratt
LITCHFIELD CAVO LLP
420 Fort Duquesne Blvd., Suite 600
Pittsburgh, PA 15222
kratt@litchfieldcavo.com