UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL DOE, a minor; by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor; by and through his Parents JOHN JONES and JANE JONES; and MACY ROE,<br><br>Plaintiffs,<br><br>vs.<br><br>BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY, in his official capacity as Superintendent of the Boyertown Area School District; DR. BRETT COOPER, in his official capacity as Principal; and DR. E. WAYNE FOLEY, in his official capacity as Assistant Principal,<br><br>Defendants. | Case No. 17-1249-EGS<br><br>The Honorable Edward G. Smith<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br><u>**ORAL ARGUMENT REQUESTED**</u> |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Joel Doe, John Doe, Jane Doe, Mary Smith, Jack Jones, John Jones, Jane Jones and Macy Roe respectfully move this Court for a preliminary injunction. In the instant case, four students of the Boyertown Area School District are bringing suit to stop the school's violation of their fundamental right to privacy, to prevent sexual harassment, and to reinstate sex-distinct privacy facilities (locker rooms, showers, and restrooms) where students can utilize those privacy facilities without members of the opposite sex present. *See PI Memo*.

A Preliminary Injunction is needed to protect their right (and that of their fellow students) to personal privacy while using privacy facilities that were designed, pursuant to state law, to be

used exclusively by members of one sex. Plaintiffs seek an Order enjoining Defendants, their officers, agents, employees, and all other persons acting in concert with them from enforcing the policy and practice that created a hostile environment and that violates students' privacy rights. Defendants' policy eliminated privacy facilities where students could use restrooms, locker rooms, and shower rooms outside the presence of members of the opposite sex. *See PI Memo*.

Joel Doe, while changing in the locker room, discovered that there was a female behind him, wearing nothing above her waist other than a bra. V. Compl. ¶ 50. When he and other students visited the assistant principal to report this incident, they were told that they would need to tolerate people of the opposite sex in the locker room with them and make changing with them as natural as possible. *Id*. at ¶¶ 51-56. Similarly, Jack Jones, in his underwear in the locker room, discovered a female student near him. *Id.* ¶¶ 86-87. Mary Smith encountered a male student in the girls' restroom. *Id.* ¶¶ 99-100. Macy Roe fears that she will find herself in the restroom with a boy. *Id.* ¶¶ 126-128. If the policy continues, Mary Smith will not return to Boyertown Area High School next year. *Id.* ¶¶ 117-118. Joel Doe may not return either. *See* Doe Declaration. The anxiety and stress each student feels as a direct result of Defendants' practice and actions have caused them to refrain from using restrooms as much as possible and to stress about when and if they can use a given restroom without encountering persons of the opposite sex. *Id.* ¶¶ 63, 93, 113, 126. The daily and persistent feelings of anxiety, stress, humiliation, embarrassment, apprehension, distress, and violation of privacy stay with Plaintiffs and impact them throughout the day, distracting them from instructional time. *Id*.

Plaintiffs satisfy the four factors for obtaining a preliminary injunction: (1) they are likely to

"succeed on the merits," (2) they are likely to suffer "irreparable harm," (3) the balance of equities favors Plaintiffs, and (3) an injunction is in "the public interest." *Conestoga Wood Specialties Corp. v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 724 F.3d 377, 382 (3d Cir. 2013).

Plaintiffs demonstrate that these factors are satisfied in the accompanying memorandum of law. That memorandum, along with the supporting Declaration and the Verified Complaint, form the basis of this motion and the relief requested above.

Plaintiffs also respectfully request that this Court waive any bond requirement under Rule 65(c). Waiving the bond requirement is warranted because Plaintiffs seek to vindicate constitutional and statutory rights, and so their lawsuit is in the public interest. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 n.8 (3d Cir. 1989) (collecting cases); *Powelton Civic Home Owners Ass'n v. Dep't of Housing and Urban Development*, 284 F. Supp. 809, 840 (E.D. Pa. 1968); *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981) (noting that courts have recognized that public interest litigation is an exception to the Rule 65 bond requirement); *Crowley v. Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen, & Packers*, 679 F.2d 978, 1000 (1st Cir. 1982), *rev'd on other grounds*, 467 U.S. 526 (1984) ("no bond is required in suits to enforce important federal rights or public interests.") (quotation marks omitted).

Waiving the bond requirement here is particularly appropriate because Plaintiffs raise important claims that serve the public interest by vindicating students' constitutional and statutory rights. *See PI Memo*. Imposing a bond requirement here would be especially inequitable given Defendants' patently unlawful actions and Plaintiffs' strong likelihood of success on the merits.

This conclusion is bolstered by the fact that neither Defendants nor anyone else will suffer harm – financial or otherwise – by this Court's enjoining the offending policies and practices.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the preliminary injunction issue.

Respectfully submitted this 17th day of May, 2017.

By: /s/ Randall L. Wenger

| | |
|---|---|
| CATHY R. GORDON, PA 56728* <br> JACOB KRATT, PA 316920 <br> **LITCHFIELD CAVO LLP** <br> 420 Fort Duquesne Blvd., Suite 600 <br> Pittsburgh, PA 15222 <br> 412-291-8246 <br> 412-586-4512 Fax <br> gordonc@litchfieldcavo.com <br> kratt@litchfieldcavo.com | RANDALL L. WENGER, PA 86537 <br> JEREMY L. SAMEK, PA 205060 <br> **INDEPENDENCE LAW CENTER** <br> 23 North Front St. <br> Harrisburg, PA 17101 <br> (717) 657-4990 <br> (717) 545-8107 Fax <br> rwenger@indlawcenter.org <br> jsamek@indlawcenter.org |
| JORDAN LORENCE, MN 0125210** <br> KELLIE FIEDOREK, DC 1015807 FL 74350*** <br> CHRISTIANA HOLCOMB, CA 277427*** <br> **ALLIANCE DEFENDING FREEDOM** <br> 440 First St. NW, Suite 600 <br> Washington, DC 20001 <br> (202) 393-8690 <br> jlorence@ADFlegal.org <br> kfiedorek@ADFlegal.org <br> cholcomb@ADFlegal.org | GARY S. MCCALEB, AZ 018848*** <br> **ALLIANCE DEFENDING FREEDOM** <br> 15100 N. 90th St. <br> Scottsdale, AZ 85260 <br> (480) 444-0020 <br> (480) 444-0028 Fax <br> gmccaleb@ADFlegal.org <br> <br> *Attorneys for Plaintiffs* |

*Application for Admission Forthcoming
**Pro Hac Vice Application Forthcoming
***Admitted Pro Hac Vice

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Wednesday, May 17, 2017, the foregoing was filed electronically and served on the other parties via the court's ECF system. The undersigned hereby certifies that counsel for Plaintiffs has also delivered an electronic copy of the foregoing to counsel for Defendants and is sending the same by regular mail to:

David W. Brown, Esq.
LEVIN LEGAL GROUP, P.C.
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
dbrown@levinlegalgroup.com

/s/ Randall L. Wenger
Randall L. Wenger
**INDEPENDENCE LAW CENTER**
23 North Front St.
Harrisburg, PA 17101
rwenger@indlawcenter.org