## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOEL DOE, a minor; by and through his Guardians JOHN DOE and JANE DOE et al., | : : : | No. 17-cv-1249 - EGS |
| Plaintiffs, | : : : |  |
| v. | : : |  |
| BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY, in his official capacity as Superintendent of the Boyertown Area School District; DR. BRETT COOPER, in his official capacity as Principal; and DR. E. WAYNE FOLEY, in his official capacity as Assistant Principal, | : : : : : : : : |  |
| Defendants, | : : |  |
| and | : : |  |
| PENNSYLVANIA YOUTH CONGRESS FOUNDATION, | : : : |  |
| Intervenor-Defendant. | : : |  |

## ANSWER OF INTERVENOR-DEFENDANT PENNSYLVANIA YOUTH CONGRESS FOUNDATION TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW, comes Intervenor-Defendant, Pennsylvania Youth Congress Foundation ("PYC"), by its attorneys, and submits the following answer to the Amended Complaint:

1. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

## 1.     JURISDICTION AND VENUE

2.      The averments of this paragraph constitute conclusions of law to which no response is required.

3.      The averments of this paragraph constitute conclusions of law to which no response is required.

4.      The averments of this paragraph constitute conclusions of law to which no response is required.

5.      The averments of this paragraph constitute conclusions of law to which no response is required.

6.      The averments of this paragraph constitute conclusions of law to which no response is required.

7.      The averments of this paragraph constitute conclusions of law to which no response is required.

8.      The averments of this paragraph constitute conclusions of law to which no response is required.

## PARTIES

### *Plaintiffs*

9.      After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

10.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

11.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

12.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

13.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

### *Defendant Boyertown Area School District*

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

### *Defendant Superintendent Dr. Richard Faidley*

20.     Admitted in part and denied in part.  It is admitted that Dr. Faidley is the Superintendent of Schools for the Boyertown Area School District.  It is denied that Dr. Faidley implemented the policy described in this paragraph.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

### *Defendant Principal Dr. Brett Cooper*

21.     Admitted in part and denied in part.  It is admitted that Dr. Cooper is the Principal of Boyertown Area High School.  It is denied that Dr. Cooper implemented the policy described in this paragraph.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

### *Defendant Assistant Principal Dr. E. Wayne Foley*

22.     Admitted in part and denied in part.  It is admitted that Dr. Foley is the Assistant Principal of Boyertown Area High School.  It is denied that Dr. Foley implemented the policy described in this paragraph.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

## INTRODUCTION

23.     The averments of this paragraph constitute conclusions of law to which no response is required.

24.     To the extent that this paragraph alleges that allowing transgender boys to use the boys' facilities or transgender girls to use the girls' facilities violates Plaintiffs' right to privacy, these allegations are denied.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

25.     To the extent this paragraph alleges that Plaintiffs were or are "forced to use multi-user private facilities at school, like locker rooms and restrooms, with students of the opposite sex" based on the presence of transgender boys or transgender girls in those facilities, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

26.     The averment in this paragraph constitutes a conclusion of law to which no response is required.

27.      The averment in this paragraph constitutes a conclusion of law to which no response is required.

28.     The averment in this paragraph constitutes a conclusion of law to which no response is required.  To the extent it is a factual allegation, denied.

29.     The averment in this paragraph constitutes a conclusion of law to which no response is required.  To the extent it is a factual allegation, denied.

30.     To the extent this paragraph alleges that allowing transgender boys to use boys' facilities and allowing transgender girls to use the girls' facilities constitutes authorizing students of the opposite sex to use those facilities, these allegations are denied.   After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

31.     To the extent the averments in this paragraph constitute conclusion of law, no response is required.  To the extent the averments in this paragraph purports to make factual allegations, PYC denies sufficient knowledge of what Plaintiffs mean by "gender identity theory" to be able to respond.

32.      PYC denies sufficient knowledge of what Plaintiffs mean by "gender identity theory" to be able to respond.

33.     PYC denies sufficient knowledge of what Plaintiffs mean by "gender identity theory" to be able to respond. To the extent this paragraph purports to make factual allegations, PYC is without sufficient information to form a belief as to the truth or falsity of those averments. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

34.     After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

35.     To the extent that Plaintiff Joel Doe is alleging that a transgender boy is a student of the opposite sex, denied.   After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

36.     To the extent that Plaintiff Jack Jones is alleging that a transgender boy is a student of the opposite sex, denied.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

37.     To the extent that Plaintiff Mary Smith is alleging that a transgender girl is a student of the opposite sex, denied.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

38.     To the extent that Plaintiff Macy Roe is alleging that a transgender girl is a student of the opposite sex, denied.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

39.     To the extent this paragraph alleges that the presence of transgender boys in the boys' facilities or transgender girls in the girls' facilities constitutes the presence of students of the opposite sex in those facilities, denied.   After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

40.     To the extent the averments in this paragraph constitute conclusion of law, no response is required.  To the extent the averments in this paragraph purports to make factual

allegations, PYC denies sufficient knowledge of what Plaintiff means by "self-identify their gender" to be able to respond. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

41. To the extent the "policy and actions" referenced by Plaintiffs is allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities, these allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

42. The averments of this paragraph constitute conclusions of law to which no response is required.

## FACTUAL BACKGROUND

### *Plaintiff Joel Doe*

43. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

44. Admitted.

45. Admitted.

46. Admitted.

47. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

48. To the extent the "member of the opposite sex" referred to in this paragraph is a transgender boy, these allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

49. To the extent the averments in this paragraph constitute conclusion of law, no response is required. To the extent the averments in this paragraph purports to make factual

allegations, after reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

50. To the extent the "member of the opposite sex" referred to in this paragraph is a transgender boy, these allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

51. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

52. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

53. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

54. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

55. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

56. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

57. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

58. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities violates Plaintiff Joe Doe's right to privacy, those allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

59.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes "permitting students of one sex to enter locker rooms and bathrooms of students of the opposite sex," those allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

60.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex in those facilities, those allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

61.     To the extent this paragraph alleges that the presence of transgender boys in the boys' facilities means Plaintiff Joel Doe was required to "change with students of the opposite sex," those allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

62.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities violates Plaintiff Joel Doe's right to privacy, those allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

63.     To the extent the "member of the opposite sex" referred to in this paragraph is a transgender boy, these allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

64.     Admit that timely voiding urine can have adverse physiological effects. Denied that allowing transgender boys to use the boys' facilities inhibits Plaintiff Joel Doe from timely voiding.

65.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

66.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

67.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

68.     The factual allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

69.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

70.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities violates Plaintiff Joel Doe's right to privacy, those allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

71.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

72.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex in those facilities, those allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

73. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities has forced Plaintiff Joel Doe to stop changing for PE class, denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

74. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiff Joel Doe's right to privacy, those allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

75. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiff Joel Doe's right to privacy, those allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

76. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiff Joel Doe's right to privacy, those allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

77. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

78. The averments of this paragraph constitute conclusions of law to which no response is required.

### *Plaintiff – Jack Jones*

79. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

80. Admitted.

81. Admitted.

82. Admitted.

83. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

84. To the extent the "member of the opposite sex" referred to in this paragraph is a transgender boy, these allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

85. To the extent the averments in this paragraph constitute conclusion of law, no response is required. To the extent the averments in this paragraph purports to make factual allegations, after reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

86. To the extent the "member of the opposite sex" referred to in this paragraph is a transgender boy, these allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

87. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

88. To the extent the "members of the opposite sex" referred to in this paragraph are transgender boys, these allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

89. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiff Jack Jones' right to privacy, those allegations are denied. After

reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

90.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

91.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiff Jack Jones' privacy, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

92.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiff Jack Jones' privacy, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

93.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex to use those facilities, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

94.     Admit that timely voiding urine can have adverse physiological effects.  Denied that allowing transgender boys to use the boys' facilities inhibits Plaintiff Jack Jones from timely voiding.

95.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

96.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

97. The averments of this paragraph constitute conclusions of law to which no response is required.

### *Plaintiff – Mary Smith*

98. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

99. To the extent this paragraph alleges that a transgender girl is a member of the opposite sex, denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

100. Admitted.

101. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

102. To the extent that this paragraph alleges that a transgender girl is a member of the opposite sex, denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

103. To the extent the averments in this paragraph constitute conclusion of law, no response is after reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

104. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

105. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

106. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

107. To the extent that this paragraph alleges allowing transgender girls to use the girls' restrooms constitutes allowing a member of the opposite sex to use those facilities, denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

108. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

109. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

110. To the extent this paragraph alleges that transgender girls are male students, denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

111. To the extent this paragraph alleges that Plaintiff Mary Smith's privacy is violated by the presence of transgender girls in girls' facilities, denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

112. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

113. To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities constitutes allowing members of the opposite sex to use those facilities, those allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

114.     Admit that timely voiding urine can have adverse physiological effects.  Denied that allowing transgender girls to use the girls' facilities inhibits Plaintiff Mary Smith from timely voiding.

115.     To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities violates Plaintiff Mary Smith's right to privacy, denied.  After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

116.     To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities constitutes allowing members of the opposite sex to use those facilities, denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

117.     After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

118.     To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities constitutes allowing members of the opposite sex to use those facilities, denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

119.     The averments of this paragraph constitute conclusions of law to which no response is required.

### *Plaintiff – Macy Roe*

120.     After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

121.     Admitted.

122.    After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

123.    To the extent that this paragraph alleges that a transgender girl is a member of the opposite sex, denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

124.    To the extent the averments in this paragraph constitute conclusion of law, no response is required. To the extent the averments in this paragraph purports to make factual allegations, after reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

125.    To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities constitute allowing members of the opposite sex to use those facilities or violates Plaintiff Macy Roe's right to privacy, denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

126.    To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities constitutes allowing members of the opposite sex to use those facilities, those allegations are denied. After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

127.    Admitted that timely voiding urine can have adverse physiological effects. Denied that allowing transgender girls to use the girls' facilities inhibits Plaintiff Macy Roe from timely voiding.

128.    To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities violates Plaintiff Macy Roe's privacy, denied. After reasonable investigation,

PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

129.     To the extent this paragraph constitutes a conclusion of law, denied.    After reasonable investigation, PYC is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

### ALLEGATIONS OF LAW

### FIRST CAUSE OF ACTION (ALL DEFENDANTS):

### VIOLATION OF THE FUNDAMENTAL RIGHT TO PRIVACY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983

130.     PYC re-alleges all responses set forth above and incorporate them herein.

131.     The averments of this paragraph constitute conclusions of law to which no response is required.

132.     The averments of this paragraph constitute conclusions of law to which no response is required.

133.     The averments of this paragraph constitute conclusions of law to which no response is required.

134.     The averments of this paragraph constitute conclusions of law to which no response is required.

135.     The averments of this paragraph constitute conclusions of law to which no response is required.

136.     The averments of this paragraph constitute conclusions of law to which no response is required.

137.     The averments of this paragraph constitute conclusions of law to which no response is required.

138.     To the extent this paragraph purports to make factual allegations, PYC denies sufficient knowledge of what Plaintiffs mean by "national commitment" to be able to respond. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

139.     The averments of this paragraph constitute conclusions of law to which no response is required.

140.     The averments of this paragraph constitute conclusions of law to which no response is required.

141.     The averments of this paragraph constitute conclusions of law to which no response is required.

142.     The averments of this paragraph constitute conclusions of law to which no response is required.

143.     The averments of this paragraph constitute conclusions of law to which no response is required.

144.     The averments of this paragraph constitute conclusions of law to which no response is required.

145.     The averments of this paragraph constitute conclusions of law to which no response is required.

146.     To the extent this paragraph purports to make factual allegations, PYC denies sufficient knowledge of what Plaintiffss mean by "national commitment" to be able to respond,

but admit that sex-separated restrooms and lockers are common.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

147.    Admitted, except denied to the extent "sex" is defined as alleged in Paragraphs 28-29.

148.    The averments of this paragraph constitute conclusions of law to which no response is required.

149.    The averments of this paragraph constitute conclusions of law to which no response is required.

150.    The averments of this paragraph constitute conclusions of law to which no response is required.

151.    After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

152.    The averments of this paragraph constitute conclusions of law to which no response is required.

153.    The averments of this paragraph constitute conclusions of law to which no response is required.

154.    The averments of this paragraph constitute conclusions of law to which no response is required.

155.    The averments of this paragraph constitute conclusions of law to which no response is required.

156.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiffs Joel Doe or Jack Jones' right to privacy, those allegations are

denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

157.    After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

158.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex in those facilities, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

159.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex in those facilities, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

160.    To the extent this paragraph purports to make factual allegations and that the "policy" referenced is permitting transgender boys to use the boys' facilities, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

161.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex in those facilities, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

162.    After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

163.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

164.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

165.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

166.     To the extent this paragraph alleges that Plaintiffs Joel Doe, Jack Jones, Mary Smith, and Macy Roe's privacy has been violated, denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

167.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities invades Plaintiffs Doe and Jones' right to privacy, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

168.     To the extent this paragraph alleges that allowing transgender girls to use the girls' facilities invades Plaintiffs Smith and Roe's right to privacy, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

169.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities invades Plaintiffs right to privacy, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the allegation regarding gaps in

the bathroom stalls.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

170.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities invades Plaintiffs' right to privacy, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

171.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities invades Plaintiffs' right to privacy, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

172.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities invades Plaintiffs' right to privacy, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

173.    The averments of this paragraph constitute conclusions of law to which no response is required.

174.    The averments of this paragraph constitute conclusions of law to which no response is required.

## SECOND CAUSE OF ACTION (ALL DEFENDANTS):
## VIOLATION OF TITLE IX

175.    PYC re-alleges all responses set forth above and incorporate them herein.

176.    The text of the statute speaks for itself.

177.    Admitted.

178.    The averments of this paragraph constitute conclusions of law to which no response is required.

179.    The averments of this paragraph constitute conclusions of law to which no response is required.

180.    To the extent this paragraph makes the factual allegation that allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities violates Plaintiffs' right to privacy or creates a sexually harassing hostile environment, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

181.    To the extent this paragraph makes the factual allegation that allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities constitutes allowing members of the opposite sex to use those facilities or creates a sexually harassing hostile environment, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

182.    After reasonable investigation, PYC is without information to form a belief as to the truth or falsity of the averments of this paragraph.

183.    To the extent the averments in this paragraph purports to make factual allegations, after reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

184.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities or allowing transgender girls to use the girls' facilities constitutes allowing members of the opposite sex to use those facilities, those allegations are denied.  After reasonable

investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

185.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

186.     To the extent this paragraph alleges that a transgender girl using the girls' facilities constitutes a member of the opposite sex using those facilities, denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

187.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

188.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

189.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex to use those facilities, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

190.     To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex to use those facilities, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

191.     After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

192. The averments of this paragraph constitute conclusions of law to which no response is required.

193. The averments of this paragraph constitute conclusions of law to which no response is required.

194. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities and allowing transgender girls to use the girls' facilities constitutes sexual harassment, denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

195. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities creates a harassing hostile environment, denied. The averments of this paragraph constitute conclusions of law to which no response is required.

196. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent this paragraph makes factual allegations, those allegations are denied.

197. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent this paragraph makes factual allegations, those allegations are denied.

198. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent this paragraph makes factual allegations, those allegations are denied.

199. The averments of this paragraph constitute conclusions of law to which no response is required.

200.    The averments of this paragraph constitute conclusions of law to which no response is required.

201.    The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent this paragraph makes factual allegations, those allegations are denied.

202.    The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent this paragraph makes factual allegations, those allegations are denied.

203.    After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

204.    After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

205.    To the extent this paragraph purports to make factual allegations, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

206.    To the extent this paragraph purports to make factual allegations, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

207.    To the extent this paragraph purports to make factual allegations, those allegations are denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

208. To the extent this paragraph purports to make factual allegations, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

209. To the extent this paragraph purports to make factual allegations, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

210. To the extent this paragraph purports to make factual allegations, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

211. The averments of this paragraph constitute conclusions of law to which no response is required.

212. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities or allowing transgender girls to use the girls' facilities constitutes a hostile environment, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

213. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

214. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities or allowing transgender girls to use the girls' facilities constitutes a hostile environment, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

215. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities or allowing transgender girls to use the girls' facilities constitutes a hostile

environment, those allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

216. To the extent that this paragraph alleges the presence of transgender boys in boys' facilities violates Plaintiff Joel Doe's privacy, denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

217. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes a hostile environment, those allegations are denied. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

218. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities or allowing transgender girls to use the girls' facilities constitutes a hostile environment, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

219. Denied.

220. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

221. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities or allowing transgender girls to use the girls' facilities constitutes a hostile environment, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

## THIRD CAUSE OF ACTION (DOE AND JONES V. DEFENDANTS):

## INVASION OF PRIVACY – INTRUSION UPON SECLUSION

222.    PYC re-alleges all responses set forth above and incorporate them herein.

223.    Denied, but admit that Defendants allowed transgender boys to use the boys' locker room and restroom and allowed transgender girls to use the girls' locker room and restroom.

224.    To the extent that this paragraph alleges that a transgender boy is a "biological female," denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

225.    To the extent that this paragraph alleges that a transgender boy is a "biological female," denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

226.    To the extent that this paragraph alleges that a transgender girl is a "biological male." denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

227.    The averments of this paragraph constitute conclusions of law to which no response is required.

228.    The averments of this paragraph constitute conclusions of law to which no response is required.

229.    To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex in those facilities, those allegations are denied.  After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.  The

remaining averments of this paragraph constitute conclusions of law to which no response is required.

230. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex in those facilities, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

231. The averments of this paragraph constitute conclusions of law to which no response is required.

232. The averments of this paragraph constitute conclusions of law to which no response is required.

233. To the extent the "practice" referenced in this paragraph is allowing transgender boys to use the boys' facilities, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

234. To the extent this paragraph alleges that allowing transgender boys to use the boys' facilities constitutes allowing members of the opposite sex to use those facilities, those allegations are denied. The remaining averments of this paragraph constitute conclusions of law to which no response is required.

235. Denied.

236. After reasonable investigation, PYC is without information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

## DEFENSES

### FIRST DEFENSE

To the extent the policy and practice challenged by Plaintiffs is the fact that transgender boys are permitted to use the boys' facilities and transgender girls are permitted to use the girls' facilities, Plaintiff has failed to set forth a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent the policy and practice challenged by Plaintiffs is the fact that transgender boys are permitted to use the boys' facilities and transgender girls are permitted to use the girls' facilities, the relief requested by Plaintiffs is barred by Title IX.

### THIRD DEFENSE

To the extent the policy and practice challenged by Plaintiffs is the fact that transgender boys are permitted to use the boys' facilities and transgender girls are permitted to use the girls' facilities, the relief requested by Plaintiffs is barred by the Equal Protection Clause of the Constitution.

WHEREFORE, Intervenor-Defendant, PENNSYLVANIA YOUTH CONGRESS FOUNDATION demands judgment in its favor and against Plaintiffs, together with reimbursement of all costs.

Respectfully submitted,

/s/ Mary Catherine Roper
MARY CATHERINE ROPER
ACLU of Pennsylvania
P.O. Box 60173
Philadelphia, PA 19102
Tel: (215) 592-1513 ext. 116
Fax: (215) 592-1343
mroper@aclupa.org

Amanda L. Nelson, Esq.
Harper S. Seldin, Esq.
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-5590
anelson@cozen.com
hseldin@cozen.com

Witold J. Walczak
ACLU of Pennsylvania
247 Fort Pitt Blvd.
Pittsburgh, PA 15222
Telephone: (412) 681-7864
Facsimile: (412) 681-8707
vwalczak@aclupa.org

Leslie Cooper
American Civil Liberties
Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
lcooper@aclu.org

Date: May 26, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2017 the foregoing Answer was filed electronically with the Court and a true and correct copy was served on all counsel of record via the Court's ECF system.

 /s/ Harper S. Seldin
Harper S. Seldin (Pa. Bar 318455)
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-5590
hseldin@cozen.com
Attorney for Intervenor-Defendant, Pennsylvania
Youth Congress Foundation