IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL DOE, a minor, by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor, by and through his parents JOHN JONES and JANE JONES; and MACY ROE<br><br>Plaintiffs,<br><br>v.<br><br>BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY; DR. BRETT COOPER and DR. E. WAYNE FOLEY,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 17-cv-1249-EGS |

## **ORDER**

AND NOW, this ____ day of _____, 2017, upon consideration of the Motion to Dismiss By All Defendants and any opposition thereto, it is hereby ORDERED and DECREED that the Motion to Dismiss is GRANTED. It is also ORDERED that:

1. The Plaintiffs' 42 U.S.C. § 1983 claim alleging violation of the Fourteenth Amendment against all Defendants is dismissed with prejudice;

2. The Plaintiffs' tort claim for intrusion upon seclusion is dismissed with prejudice;

3. The Plaintiffs' Title IX claims against Dr. Richard Faidley, Dr. Brett Cooper, and Dr. E. Wayne Foley, each in their official capacity, are dismissed with prejudice;

4. All claims against Dr. Faidley are dismissed with prejudice; and

5. All individual Defendants are immune from damages on Plaintiffs' Title IX claim.

IT IS SO ORDERED.

_____
The Hon. Edward G. Smith, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL DOE, a minor, by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor, by and through his parents JOHN JONES and JANE JONES; and MACY ROE : : : : : | |
| Plaintiffs, : | No. 17-cv-1249-EGS |
| v. : | |
| BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY; DR. BRETT COOPER and DR. E. WAYNE FOLEY, : : : | |
| Defendants. : | |

## MOTION TO DISMISS BY ALL DEFENDANTS

COME NOW Defendants Boyertown Area School District (the "School District"), Dr. Richard Faidley, Dr. Brett Cooper, and Dr. E. Wayne Foley (together "Defendants"), by and through their undersigned counsel, who hereby move this Court to: dismiss the Plaintiffs' § 1983 claim based on the *Sea Clammers* doctrine; dismiss the Plaintiffs' tort claim based on the Pennsylvania Political Subdivision Tort Claims Act; dismiss the Title IX claims against the individual Defendants in their official capacitiesl dismiss all claims against Dr. Faidley based on high public official immunity; and to declare that all individual Defendants are immune from damages on the Title IX claim. Accordingly, the Defendants aver as follows:

1. Title IX of the Education Amendments of 1972 ("Title IX") prohibits discrimination based on sex in educational programs and activities operated by recipients of federal financial assistance, including all public school districts. 20 U.S.C. §§ 1681, 1688; 34 C.F.R. Pt. 106; 28 C.F.R. Pt. 54.

2. On May 13, 2016, the U.S. Department of Justice's ("DOJ") Civil Rights Division and the U.S. Department of Education's ("DOE") Office for Civil Rights issued guidance clearly permitting transgender students to use the restrooms and locker rooms aligned with their gender identity. See "Dear Colleague Letter on Transgender Students" (the "2016 Letter"), attached as Exhibit 1.

3. The letter specifically addressed the issue of restrooms and locker rooms:

> ***A school may provide separate facilities on the basis of sex, but must allow transgender students access to such facilities consistent with their gender identity.*** A school may not require transgender students to use facilities inconsistent with their gender identity or to use individual-user facilities when other students are not required to do so. A school may, however, make individual-user options available to all students who voluntarily seek additional privacy.

*Id.*, p. 3 (emphasis added).

4. In accordance with the guidance in the 2016 Letter, the School District's administration granted permission for transgender students, upon request, to use the restrooms and locker rooms aligned with their gender identity during the 2016-2017 school year. Am. Compl., ¶ 22.

5. On February 22, 2017, DOE and DOJ issued another Dear Colleague Letter addressing the use of restrooms and locker rooms by transgender students (the "2017 Letter"), attached as Exhibit 2. The 2017 Letter rescinded the guidance provided in the 2016 Letter.

6. Plaintiff Joel Doe[1] ("Doe") filed the Complaint in this action on or about March 21, 2017.

7. An Amended Complaint was filed on April 18, 2017, adding three additional Plaintiffs – Mary Smith, Jack Jones, and Macy Roe.

---

[1] The Plaintiffs in this case are proceeding pseudonymously.

8. The Amended Complaint asserts causes of action against all Defendants for an alleged violation of the Fourteenth Amendment through 42 U.S.C. § 1983; violation of Title IX; and a Pennsylvania state tort claim by Plaintiffs Doe and Jones for intrusion upon seclusion.

9. As explained in greater detail in the accompanying memorandum of law, Plaintiffs' § 1983 claim is subsumed by the Title IX claim under the *Sea Clammers* doctrine and must be dismissed.

10. The School District is organized under the laws of the Commonwealth of Pennsylvania and is a political subdivision. Am. Compl., ¶ 14.

11. As explained in greater detail in the accompanying memorandum of law, Plaintiffs' tort claim for intrusion upon seclusion against the School District, and the individual Defendants as district employees, is precluded by Pennsylvania's Political Subdivision Tort Claims Act.

12. Defendant Dr. Richard Faidley is superintendent of the School District. Am. Compl., ¶ 20.

13. Plaintiffs allege that "[a]t all times relevant to the events described herein, Superintendent Faidley acted within the scope of his employment as an employee, agent, and representative of the School Board." Am. Compl., ¶ 20.

14. By acting at all times within the scope of his employment as superintendent, Dr. Faidley is entitled to high public official immunity on all of Plaintiffs' claims.

15. Title IX claims can only be brought against a recipient of federal funds.

16. Plaintiffs' Title IX claim against the individual Defendants in their official capacities are, in actuality, redundant claims against the School District, and should be dismissed.

17. As School District employees, all of the individual Defendants are governmental officials. Am. Compl., ¶¶ 20-22.

18. Plaintiffs' alleged constitutional rights have not been clearly established. See Exh. 1.

19. Because Plaintiffs' alleged constitutional rights were not clearly established at the time of the Defendants' alleged misconduct, the individual Defendants' actions are protected by qualified immunity, and they are not liable for damages under the Title IX claim.

WHEREFORE, for the reasons stated in this Motion and in the accompanying memorandum of law in support of this motion, this Court should grant the Motion, dismissing Plaintiffs' tort claim, the claim under § 1983, and the Title IX claim as against all of the individual Defendants. Furthermore, the Court should find that the Defendants are not liable for damages with regard to the Title IX claim.

Respectfully submitted,

Date: June 16, 2017

*/s/ David W. Brown*
Michael I. Levin (PA 21232)
David W. Brown (PA 201553)
LEVIN LEGAL GROUP, P.C.
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
Phone: (215) 938-6378
Fax: (215) 938-6375
mlevin@levinlegalgroup.com
dbrown@levinlegalgroup.com

*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2017, I electronically transmitted the foregoing Motion To Dismiss By All Defendants and the accompanying memorandum of law to be filed to the Clerk's Office using the Court's Electronic Case Filing system ("ECF") for filing and transmittal of a Notice of Electronic Case Filing to all counsel via the ECF, in accordance with Fed. R. Civ. P. 5(b).

*/s/ David W. Brown*
David W. Brown