UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL DOE, a minor; by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor; by and through his Parents JOHN JONES and JANE JONES; and MACY ROE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY, in his official capacity as Superintendent of the Boyertown Area School District; DR. BRETT COOPER, in his official capacity as Principal; and DR. E. WAYNE FOLEY, in his official capacity as Assistant Principal,<br><br>    Defendants,<br><br>    And<br><br>PENNSYLVANIA YOUTH CONGRESS FOUNDATION,<br><br>    Defendant Intervenor. | Case No. 17-1249-EGS<br><br>The Honorable Edward G. Smith<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

**ARGUMENT**

Defendants' bases for their Motion to Dismiss are strained, inapplicable and misunderstand the nature of the claims before this court.

**I.  CONGRESS NEVER EVIDENCED AN INTENT FOR TITLE IX TO PROVIDE AN EXCLUSIVE REMEDY FOR VIOLATIONS OF THE RIGHT TO BODILY PRIVACY.**

Defendants cite *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20-21 (1981), for the proposition that "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Id*. at 20-21. However, there is no indication whatsoever that Congress had any intent to provide the exclusive remedy to any violation of the right of personal privacy when it enacted Title IX. The act was intended to provide equality for educational opportunities on the basis of sex. And as such, it provides for remedies against sexual harassment. Among the ways of demonstrating sexual harassment, whether in education, the workplace, or elsewhere, would include an environment where persons are placed in situations where they are expected to be in a state of undress with members of the opposite sex, as is the case here. However, that the act applies in a given situation (without explicitly mentioning it) hardly evidences a broad attempt to regulate and foreclose any alternative remedies. Indeed, this is a far cry from the Federal Water Pollution Control Act (FWPCA) and the Marine Protection, Research, and Sanctuaries Act of 1972 (MPRSA) at issue

1

in *Nat'l Sea Clammers*. There the Court stated, "the FWPCA and MPRSA do provide quite comprehensive enforcement mechanisms. It is hard to believe that Congress intended to preserve the § 1983 right of action when it created so many specific statutory remedies. . . ." *Id*. at 20. To the contrary, the right to bodily privacy has been discussed frequently. *See, e.g., Doe v. Luzerne Cnty.*, 660 F.3d 169, 175-76 n.5 (3d Cir. 2011). *See also Brannum v. Overton Cnty. Sch. Bd.*, 516 F.3d 489, 494 (6th Cir. 2008); *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994) (recognizing that the "right to privacy is now firmly ensconced among the individual liberties protected by our Constitution"); *Poe v. Leonard*, 282 F.3d 123, 138 (2d Cir. 2002) (recognizing a "right to privacy in one's unclothed or partially unclothed body"). Clearly redress via § 1983 for this constitutional right, which is much broader than in situations that would constitute sexual harassment, has not been foreclosed.

Defendants' reliance on *Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779 (3d Cir. 1990), is unavailing. The claims in *Pfeiffer* only involved sex discrimination in an educational setting. *See id*. at 783 (seeking relief under Title IX and including "claims of gender discrimination pursuant to 42 U.S.C. Secs. 1983 and 1985"). Because Congress had set forth a specific remedy for sex discrimination in that setting, the claimant was not permitted to proceed under sections 1983 or 1985 for the same claim. *See id* at 789. The court cataloged a series of similar situations where federal Equal Protection claims could not be brought due to specific statutory remedies: *Smith v. Robinson*,

2

468 U.S. 992, 1011-12 (1984) (holding that a claim of handicap discrimination cannot be brought under the equal protection clause due to the Education of the Handicapped Act, 20 U.S.C. § 1400), *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1366-67 (4th Cir. 1989); (holding that a claim for age discrimination cannot be brought under section 1983 due to the Age Discrimination in Employment Act, 29 U.S.C. § 621); *Bougher v. Univ. of Pittsburgh*, 713 F.Supp. 139, 145 (W.D. Pa. 1989), (holding that a sex discrimination claim cannot be brought under the Equal Protection clause due to Title IX); and *Ring v. Crisp Cnty. Hosp. Auth.*, 652 F.Supp. 477, 482 (M.D. Ga. 1987) (holding that an age discrimination claim could not be brought under the Equal Protection clause due to the Age Discrimination in Employment Act). *Pfeiffer*, 917 F.2d at 789. Unlike these cases, Plaintiffs here do not bring a claim that is subsumed in a federal statutory remedy like Title IX. Instead, our constitutional right to bodily privacy goes well beyond sex discrimination under Title IX. In other words, the existence of a statutory remedy for one issue (sexual harassment in the educational setting) does not prevent litigation of a separate constitutional issue (the right to bodily privacy).

## II. PLAINTIFFS' INTRUSION UPON SECLUSION CLAIM MAY PROCEED PURSUANT TO THE POLITICAL SUBDIVISION TORT CLAIMS ACT.

The Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, bars damages for certain claims. The primary relief that Plaintiffs seek is

3

injunctive, which is not barred by the act. But even damages claims may proceed for torts involving "willful misconduct." 42 Pa.C.S.A. § 8550. As Defendants themselves have stated in their brief, a willful misconduct claim may proceed where the governmental actor "desired to bring about the result that followed or at least that he was aware that it was substantially certain to ensue." *Coulter v. Graham*, No. 2421 C.D. 2010, 2011 WL 10876836, at *3 (Pa. Commw. June 14, 2011) (quoting *Evans v. Philadelphia Transp. Co.*, 418 Pa. 567, 574 (1965)). That is precisely the situation here. Though Defendants themselves did not view any of the opposite sex Plaintiffs in a state of undress, they instituted the policy and practice that they knew would result in past and future intrusions of seclusion. In fact, Defendants gave individuals permission to intrude.

Defendants acknowledge in their brief that there is a lower expectation of privacy in school locker rooms in particular. "School sports require 'suiting up' before each practice or event, and showering and changing afterward. Public school locker rooms, the usual sites for these activities, are not notable for the privacy they afford." Defendants' Memorandum at 9. Knowing that there is a lack of privacy in such facilities, consistent with what one would expect with members of the *same sex*, it presents a situation that would be highly offensive to a reasonable person to purposely open such facilities up to members of the opposite sex. For instance, in *Kohler v. City of Wapakoneta*, 381 F. Supp. 2d 692 (N.D. Ohio 2005), even where a woman "did not expect

4

privacy from other women in the women-only restroom, she reasonably expected her activities to be secluded from perception by men." *Id*. at 704. The sex of the person permitted to use the facility has everything to do with whether an invasion of seclusion has occurred.

Not only does willful misconduct provide an avenue for damages claims against government defendants, but so does fraud. *See* § 8550. Here Defendants engaged in fraud by suggesting that locker rooms and restrooms were being separated on the basis of sex, when in fact they were allowing persons of the opposite sex to enter. No parent was informed of this change, and in fact the signs on the doors of these privacy facilities did not change. Students (and their parents) were induced to act (continuing to use these multi-user privacy facilities) on the basis that they continued to be separated on the basis of sex. Moreover, Defendant Foley initially indicated to Doe and Smith and also to Jones's mother that there were no other options for them other than using the multi-user facilities.

Defendants are correct that the Political Subdivision Tort Claims Act is typically a shield to such claims. But because of the willful misconduct and fraud in this matter along with the claim for injunctive relief, Plaintiffs' claims are not barred by the act.

### III. DEFENDANTS ALSO MISUNDERSTAND THE NATURE OF THE CLAIMS AS TO THE INDIVIDUAL NAMED DEFENDANTS.

Defendants' remaining contentions in their Motion to Dismiss evidences

a misunderstanding of this lawsuit. Plaintiffs filed this case against Defendants Faidley, Cooper, and Foley only in their official capacities. Plaintiffs are not seeking damages against these Defendants individually. Therefore, Defendants' contentions regarding claims against Defendants in their personal capacities are irrelevant.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Respectfully submitted this 30th Day of June, 2017.

By: /s/ Randall L. Wenger

| | |
|---|---|
| CATHY R. GORDON, PA 56728* | RANDALL L. WENGER, PA 86537 |
| JACOB KRATT, PA 316920 | JEREMY L. SAMEK, PA 205060 |
| **LITCHFIELD CAVO LLP** | **INDEPENDENCE LAW CENTER** |
| 420 Fort Duquesne Blvd., Suite 600 | 23 North Front St. |
| Pittsburgh, PA 15222 | Harrisburg, PA 17101 |
| 412-291-8246 | (717) 657-4990 |
| 412-586-4512 Fax | (717) 545-8107 Fax |
| gordonc@litchfieldcavo.com | rwenger@indlawcenter.org |
| kratt@litchfieldcavo.com | jsamek@indlawcenter.org |
| | |
| KELLIE FIEDOREK, DC 1015807 FL 74350* | GARY S. MCCALEB, AZ 018848* |
| CHRISTIANA HOLCOMB, CA 277427* | **ALLIANCE DEFENDING FREEDOM** |
| **ALLIANCE DEFENDING FREEDOM** | 15100 N. 90th St. |
| 440 First St. NW, Suite 600 | Scottsdale, AZ 85260 |
| Washington, DC 20001 | (480) 444-0020 |
| (202) 393-8690 | (480) 444-0028 Fax |
| kfiedorek@ADFlegal.org | gmccaleb@ADFlegal.org |
| cholcomb@ADFlegal.org | |

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Friday, June 30, 2017, the foregoing was filed electronically and served on the other parties via the court's ECF system.

/s/ Randall L. Wenger
Randall L. Wenger
**INDEPENDENCE LAW CENTER**
23 North Front St.
Harrisburg, PA 17101
rwenger@indlawcenter.org
