IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL DOE, a minor, by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor, by and through his parents JOHN JONES and JANE JONES; and MACY ROE | : : : : : : | |
| Plaintiffs, | : : | No. 17-cv-1249-EGS |
| v. | : : | |
| BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY; DR. BRETT COOPER and DR. E. WAYNE FOLEY, | : : : : | |
| Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS BY ALL DEFENDANTS**

Defendants Boyertown Area School District (the "District"), Dr. Richard Faidley, Dr. Brett Cooper, and Dr. E. Wayne Foley, by and through their counsel, the Levin Legal Group, P.C., hereby file this Reply Brief in support of the Motion to Dismiss By All Defendants (the "Motion"), and in response to the Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss (the "Response").

  A.  **Plaintiffs' Challenge to the *Sea Clammers* Doctrine Is Unavailing**

In the Response, the Plaintiffs allege that the *Sea Clammers* Doctrine (*Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20-21 (1981)) does not apply to this matter and therefore their § 1983 claim is not subsumed by their Title IX claim. Plaintiffs claim that the doctrine does not apply because Title IX "hardly evidences a broad attempt to regulate

1

and foreclose alternative remedies." Response, p. 1.  Yet the Plaintiffs expect the court to accept this argument at face value, as they cite no cases supporting their claim.

At the same time, the Plaintiffs do not explain why this Court should reach a different result than the Third Circuit did in the case cited by Defendants, *Williams v. School Dist. of Bethlehem*, 998 F.2d 168, 176 (3d Cir. 1993).  In that case, a plaintiff challenged his exclusion because of his sex from a girl's field hockey team.  *Williams*, 998 F.2d at 170.  The plaintiff brought suit under Title IX as well as § 1983 for violations of his constitutional rights.  The plaintiff also argued that the *Sea Clammers* doctrine is inapplicable where, as here, the plaintiff seeks an injunction.  However, the court noted that the plaintiff could not maintain his constitutional claims against the defendant because they were subsumed by his Title IX claim.  *Id.* at 176; *see also Seneway v. Canon McMillan School Dist.*, 969 F. Supp. 325, 330-31 (W.D. Pa. 1997) (dismissing § 1983 claims as subsumed within Title IX claims); *Henkle v. Gregory*, 150 F. Supp. 2d 1067 (D. Nev.) (same).

Plaintiffs also claim that the *Sea Clammers* Doctrine cannot subsume their claim of a violation of bodily privacy.  Response, p. 2.  However, the Plaintiffs fail to cite any case in which a court declined to apply the *Sea Clammers* Doctrine to a privacy claim.  Meanwhile, at least one federal court has applied the *Sea Clammers* Doctrine to dismiss a § 1983 claim alleging a plaintiff's right to be free from sexual abuse, which is similar to the Plaintiffs' claims alleging a fear of potentially being viewed in a state of undress by transgender students.  *See Does v. Covington County School Bd. of Educ.*, 930 F. Supp. 554 (M.D. Ala. 1996).

Plaintiffs also fail to address the argument that Pennsylvania federal courts have generally only declined to apply the *Sea Clammers* doctrine in cases where plaintiffs allude to a Title IX claim, but do not actually assert one, as described more completely in the Defendants'

2

Memorandum of Law in Support of the Motion. Accordingly, the Plaintiffs' Section 1983 claim must be dismissed.

B.  **The Amended Complaint Does Not Allege Willful Misconduct or Fraud**

In the Response, the Plaintiffs claim that they are not precluded from seeking damages by Pennsylvania's Political Subdivision Tort Claims Act because the Defendants were allegedly guilty of willful misconduct and/or fraud. Response, pp. 4-5. However, while the Plaintiffs explain this legal argument in the Response, the Amended Complaint includes no such allegations.

As the Plaintiffs acknowledge, a willful misconduct claim may proceed where the governmental actor "desired to bring about the result that followed or at least that he was aware that it was substantially certain to ensue." *Coulter v. Graham*, No. 2421 C.D. 2010, 2011 WL 10876836, at *3 (Pa. Commw. June 14, 2011) (quoting *Evans v. Philadelphia Transp. Co.*, 418 Pa. 567, 574 (1965)). Response, p. 4. Yet there is no allegation in the Amended Complaint that any of the Defendants desired to bring about the result that any of the Plaintiffs would be embarrassed by changing clothes in a locker room with a transgender student nor that they were substantially certain that any Plaintiff might be offended by simply seeing a transgender student in one of the student bathrooms.[1] Similarly there are no allegations of fraud against any of the Defendants, and as the Plaintiffs are well aware, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Plaintiffs have clearly failed to do so.

---

[1]  The Plaintiffs acknowledge that "there is a lower expectation of privacy in school locker rooms in particular." Response, p. 4. However, they seem to argue that this supports their position, when in reality the Plaintiffs' reduced expectation of privacy favors the Defendants, as the intrusion upon the Plaintiffs' privacy would have to be great in order for them to maintain a claim when they had a lower expectation of privacy.

Meanwhile, the Plaintiffs fail to even address the Defendants' argument that Pennsylvania courts have routinely held that the Tort Claims Act shields school district and their employees from invasion of privacy claims, including intrusion upon seclusion. Plaintiffs apparently also declined to contest the Defendants' claim that the Amended Complaint failed to properly allege all of the elements of an intrusion upon seclusion claim. Accordingly, the intrusion upon seclusion claim should be dismissed.

C. **Arguments Concerning Defenses of Individual Defendants Are Valid**

In the final section of the Response, the Plaintiffs make clear that the individual Defendants – Dr. Faidley, Dr. Cooper, and Dr. Foley – are facing claims only in their official capacities as administrators of the District.[2] Response, pp. 5-6. Plaintiffs go on to state that because they are not seeking damages against the individual Defendants in their personal capacities, "Defendants' contentions regarding claims against Defendants in their personal capacities are irrelevant." *Id.* However, the Defendants defenses of high public official immunity (as to Dr. Faidley) and qualified immunity (all individual Defendants) apply to the Defendants even in their official capacities, not just their individual capacities. Indeed, the Motion does not seek dismissal of any claims based on the Defendants' personal capacities.

Similarly, the fact that Title IX claim can only be brought against an entity receiving federal funds counsels that the Plaintiffs' Title IX claim should be dismissed against the individual Defendants in their official capacities. And finally, the Supreme Court's holding that official-

---

[2] The Plaintiffs claim that they "are not seeking damages against these Defendants individually." Response, p. 6. Yet the Prayer for Relief in the Amended Complaint seeks compensatory damages, costs and attorneys' fees, and does not exclude the individual Defendants. (The Defendants acknowledge that the Amended Complaint does not make any claims against the Defendants in their personal capacities, but that is different than saying no damages are sought against them "individually.")

capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" also requires dismissal of the individual claims. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985), (*quoting Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978)). Therefore, all claims against the individual Defendants *in their official capacities* should be dismissed.

**CONCLUSION**

For all of the reasons stated above, Defendants respectfully request that this Court grant the Motion.

Respectfully submitted,

Date: July 7, 2017

*/s/ David W. Brown*
Michael I. Levin, Esq. (PA 21232)
David W. Brown, Esq. (PA 201553)
LEVIN LEGAL GROUP, P.C.
1800 Byberry Road, Suite 1301
Huntingdon Valley, PA 19006

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2017, I electronically transmitted the foregoing Reply Brief In Support Of The Motion To Dismiss By All Defendants to be filed to the Clerk's Office using the Court's Electronic Case Filing system ("ECF") for filing and transmittal of a Notice of Electronic Case Filing to all counsel via the ECF, in accordance with Fed. R. Civ. P. 5(b).

*/s/ David W. Brown*
David W. Brown
