UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL DOE, a minor; by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor; by and through his Parents JOHN JONES and JANE JONES; and MACY ROE,<br><br>Plaintiffs,<br><br>vs.<br><br>BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY, in his official capacity as Superintendent of the Boyertown Area School District; DR. BRETT COOPER, in his official capacity as Principal; and DR. E. WAYNE FOLEY, in his official capacity as Assistant Principal.<br><br>Defendants. | Case No. 17-1249-EGS<br><br>**PLAINTIFFS' MOTION TO STRIKE EXHIBIT 1 TO DEFENDANTS' SECOND SET OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

**PLAINTIFFS' MOTION TO STRIKE EXHIBIT 1 TO DEFENDANTS' SECOND SET OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Joel Doe, et al., hereby respectfully move this Court for an order striking Exhibit 1 to Defendants' Second Set of Proposed Findings of Fact and Conclusions of Law Regarding Plaintiffs' Motion for Preliminary Injunction and in support thereof state as follows:

1. On August 10, 2017, Defendants filed a Second Set of Proposed Findings of Fact and Conclusions of Law Regarding Plaintiff's Motion for Preliminary Injunction (hereinafter "Defendant's Second Set of Proposed Findings"). Dkt. 59.

2. Defendants attached what they represent to be various public school district policies referencing transgender students. Dkt. 59, at ¶ 6. Those policies are set forth in Exhibit 1 of Defendant's Second Set of Proposed Findings. Dkt. 59-1 to 59-4.

1

3. The alleged policies had not been produced during discovery related to Plaintiffs' Motion for Preliminary Injunction nor were they the subject of any testimony elicited in the course of these proceedings.

4. Defendants urge this Court to take judicial notice of the policies. Dkt. 59, at fn. 1.

### I. The School District Policies are not Relevant to the Preliminary Injunction Sought by Plaintiffs.

5. Judicial notice of these policies is improper as they are irrelevant to the instant matter.

6. Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

7. "Irrelevant evidence is not admissible." Fed. R. Evid. 402

8. The purported school district policies attached to Defendant's Second Set of Proposed Findings are of no "consequence in determining the action" since they pertain to school districts whose conduct is not at issue in this case. As the Advisory Committee notes to Rule 401 state, relevance "is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401 advisory committee's note. The policies of other districts have no bearing on whether the policies and practices of Boyertown Area School District violate Plaintiffs' constitutional right to privacy or the protections to which they are entitled under Title IX. Plaintiffs do not attend those schools; accordingly, their policies are not at issue in this matter and should be stricken as irrelevant.

9. Likewise, the policies do not bear on, or inform, the Court's analysis of the elements it will consider in ruling on Plaintiffs' Motion for Preliminary Injunction.

10. A party seeking a preliminary injunction must show:

(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.

*Conestoga Wood Specialties Corp. v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 724 F.3d 377, 382 (3d Cir. 2013), *rev'd sub nom on other grounds*, *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751 (2014) (quoting *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

11. The Court's determination of whether Plaintiffs are likely to succeed on the merits of one or more of their claims centers on the facts of this case, and the policies of other school districts are not germane to its analysis.

12. Similarly, these policies are not pertinent to the analysis of irreparable harm. The Court's assessment of the nature of harm suffered by Plaintiffs is informed by the practices and conduct of Defendants and not the alleged policies of other school districts in the Commonwealth.

13. In the same respect, the policies of other school districts do not factor into an analysis of the balance of harms.

14. In addition, the existence of a handful of other school districts' policies referencing transgender students do not bear on whether the public interest will be served by granting a preliminary injunction as to the policies of Boyertown Area School District.

15. Furthermore, generic statements contained in the alleged policies which add "gender identity" to existing protected categories are unavailing in this case since outside of the privacy facility context, protections based on gender identity do not necessarily eliminate protections based on sex. In a case such as this, which concerns the use of privacy facilities,

distinctions based on sex and gender identity are completely mutually exclusive.

16. Finally, to the extent a handful of the proffered school policies have reduced to writing a policy even remotely similar to Boyertown's unwritten policy opening up privacy facilities to members of the opposite sex as an accommodation to transgender students, it is still irrelevant since even if it could be assumed the policies and implementation were identical, one unconstitutional and statute-violating school practice is not vindicated by the existence of other state actors who are also violating state law and privacy rights of students.

II. **Since the School District Policies have not been Authenticated, Judicial Notice of Same is Improper.**

17. In addition to being irrelevant, the policies cited by Defendants raise concerns as to authentication. Rule 901 of the Federal Rules of Evidence provides that in order to satisfy the requirement of authentication, "[t]he proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Defendants have not provided any evidence to authenticate the various policies.

18. The Third Circuit has explained the importance of authenticity in the context of judicial notice as follows:

> First, we require that evidence be authenticated before it can be admitted. [Fed. R. Evid. 901(a)]. Thus we allow judicial notice only from sources not reasonably subject to dispute. [Fed. R. Evid. 201(b)].

*Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007), *as amended* (Nov. 20, 2007).

19. The policies at issue are not self-authenticating under Rule 902. They are not "sealed and signed" "Domestic Public Documents;" Fed. R. Evid. 902(1); they are not "signed and certified" documents; Fed. R. Evid. 902(2); they do not qualify as "Certified copies of Public Records" as there is no certification from a custodian or other authorized individual; Fed. R. Evid. 902(4); and they do not bear any reliable indicia, such as a government URL or

4

government officials' signatures, which would demonstrate that they are official publications of a public authority; Fed. R. Evid. 902(5). Many of the documents contain a watermark for the following website: www.boarddocs.com. Dkt. 59-1, at Bates Nos. 65-75; Dkt. 59-2, at Bates Nos. 96-100; Dkt. 59-3, at Bates Nos. 219-236; Dkt. 59-4, at Bates Nos. 237-242. A review of that site illustrates that "Board Docs" is a private entity that provides paperless document management for government body meetings.[1] As Board Docs advertises a cloud-based and paperless service, it is not clear where these school district policies are stored or originated. Board Docs, Services, http://www.boarddocs.com/Home.nsf/WebProducts (accessed 8/14/17). Nor is it clear that they were originally published by the school districts that purportedly authored them.

20. The authenticity of the policies should further be questioned to extent that they may be hosted on Board Docs' commercial website. A URL appearing on the policy at Bates Nos. 241-242 links to a database of policies for the Springfield School District. Board Docs, Springfield School District, http://boarddocs.com/pa/sfld/board.nsf/private?open&logic# (accessed 8/14/17). The Third Circuit has cautioned against taking judicial notice of materials hosted on private corporate websites. *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007),

---

[1] The Board Docs website summarizes the company's business as follows:

> Emerald Data Solutions has developed a powerful and easy-to-use suite of services that help governing bodies save money, time and operate more effectively. These cloud-based solutions are completely turn-key, so there is no equipment to purchase; no local servers to manage, and no time-consuming processes for your IT staff.
>
> BoardDocs Pro manages every aspect of the preparation, approval and distribution of documents associated with board meetings. BoardDocs LT is for smaller organizations that want a reliable paperless agenda service at a very affordable cost, or for larger ones seeking a powerful entry-level solution.

Board Docs, Services, http://www.boarddocs.com/Home.nsf/WebProducts (accessed 8/14/17).

*as amended* (Nov. 20, 2007).

21. Further, the school district policies are not the types of documents typically subject to judicial notice. In *Chirdon v. Borough of Plum*, 92 F. Supp. 3d 360, 365 (W.D. Pa. 2015), *appeal dismissed* (Aug. 26, 2015), the United States District Court for the Western District of Pennsylvania declined to take judicial notice of municipal ordinances. *Id.* The court noted that:

> municipal ordinances are not generally subject to the doctrine of judicial notice and 'those courts which have more liberally construed the rules of judicial notice as to local ordinances and codes do so only when the law to be noticed is readily available and there are no issues about accuracy or authenticity.'

(quoting *Getty Petroleum Mktg., Inc. v. Capital Terminal Co.,* 391 F.3d 312, 321 (1st Cir.2004)).

20. As the various school district policies do not bear URLs of the school district's official websites, there is no way to determine their source from the face of the documents. It is not clear how their authenticity could be verified or if they are readily available. .

21. Concerns as to the authenticity of the policies are also raised by the presence of visible "Track Changes" marks on one of the documents. Dk. 59-3, at Bates Nos. 219-220.

22. In support of its assertion that this Court may take judicial notice of the policies, Defendants cite Pennsylvania statutory and case law. Dkt. 59, at fn. 1. As the rules cited by Defendants are clearly procedural, this Court is not bound by that authority.

23. Defendants' reliance upon 42 Pa.C.S. § 6107 is misplaced. Although, the Pennsylvania legislature has instructed its courts that ordinances of municipal corporations "shall be judicially noticed," this statute is not binding upon this Court. 42 Pa.C.S. § 6107. Section 6107 is clearly a procedural rule pertaining to the admissibility of evidence, as it appears under the title "Judiciary and Judicial Procedures." *Id.* The Federal Rules of Evidence should be applied rather than the state statute.

### III. The School District Policies are Hearsay, Not Within any Exception.

24. Assuming, *arguendo*, that the policies are sufficiently authenticated, they remain inadmissible hearsay, not within any exception. Rule 801 of the Federal Rules of Evidence defines hearsay as an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801. It appears that Defendants intend to offer the policies for the truth of the matters asserted therein, namely that a handful of other school districts have policies pertaining to transgendered students which are similar to the unwritten practices of Boyertown Area School District.

25. Even "evidence that is properly authenticated may nonetheless be inadmissible hearsay if it contains out-of-court statements, written or oral, that are offered for the truth of the matter asserted and do not fall under any exception enumerated under [Rule 802]." *United States v. Browne*, 834 F.3d 403, 415 (3d Cir. 2016), *cert. denied*, 137 S. Ct. 695, 196 L. Ed. 2d 572 (2017).

26. The "Public Records" exception to Rule 802 is inapplicable herein as there are circumstances pertaining to the documents which "indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B).

27. As discussed above, the policies do not list the originating school districts' websites. In some instances, it is not obvious, from the face of the documents, to which school district the policy pertains. Dkt. 59-1, at Bates Nos. 65-76. Though Defendants provide an index to the policies, neither the index nor the documents themselves direct the Court to a corresponding school district website where the accuracy and "trustworthiness" of each specific policy may be verified.

28. Further, as stated above, there are drafting indications on some pages of the

policies suggesting that they may not be complete. Supra at ¶ 17.

29. Additionally, as discussed above, the URLs printed on many of the documents suggest that they were hosted and/or created by Board Docs. Supra at ¶ 15-16. This raises questions as to their status as "Public Records."

30. Defendants' Exhibit 1 should be stricken as inadmissible hearsay.

WHEREFORE, for the reasons set forth above, Plaintiffs Joel Doe, et al. respectfully request that this Court grant its motion and strike Exhibit 1 to Defendant's Second Set of Proposed Findings of Fact and Conclusions of Law Regarding Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

*/s/ CATHY R. GORDON*
CATHY R. GORDON, PA 56728
*ADMITTED PRO HAC VICE*
JACOB KRATT, PA 316920
LITCHFIELD CAVO LLP
420 Fort Duquesne Blvd., Suite 600
Pittsburgh, PA 15222
gordonc@litchfieldcavo.com
kratt@litchfieldcavo.com

Counsel for Plaintiffs

RANDALL L. WENGER, PA 86537
JEREMY L. SAMEK, PA 205060
INDEPENDENCE LAW CENTER
23 North Front St.
Harrisburg, PA 17101
rwenger@indlawcenter.org
jsamek@indlawcenter.org

Counsel for Plaintiffs

GARY S. MCCALEB, AZ 018848
(PRO HAC VICE)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
gmccaleb@ADFlegal.org

Counsel for Plaintiffs

CHRISTIANA HOLCOMB, CA 277427
(PRO HAC VICE)
ALLIANCE DEFENDING FREEDOM
440 First St. NW, Suite 600
Washington, DC 20001
cholcomb@ADFlegal.org

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Wednesday, August 16, 2017, the foregoing was filed electronically and served on the other parties via the court's ECF system. The undersigned also certifies that counsel for Plaintiffs has also delivered an electronic copy of the foregoing to:

Michael I. Levin, Esq.
LEVIN LEGAL GROUP, P.C.
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
dbrown@levinlegalgroup.com

Counsel for Defendants

Mary Catherine Roper, Esq.
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
mroper@alcupa.org

Counsel for Intervenor

/s/ Cathy R. Gordon
*Admitted Pro Hac Vice*
Cathy R. Gordon
LITCHFIELD CAVO LLP
420 Fort Duquesne Blvd., Suite 600
Pittsburgh, PA 15222
gordonc@litchfieldcavo.com