IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL DOE, a minor, by and through his Guardians JOHN DOE and JANE DOE; MARY SMITH; JACK JONES, a minor, by and through his parents JOHN JONES and JANE JONES; and MACY ROE | : : : : : : : |
| Plaintiffs, | : No. 17-cv-1249-EGS |
| v. | : : |
| BOYERTOWN AREA SCHOOL DISTRICT; DR. RICHARD FAIDLEY; DR. BRETT COOPER and DR. E. WAYNE FOLEY, | : : : : |
| Defendants. | : : |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE**

Defendants Boyertown Area School District (the "School District"), Dr. Richard Faidley, Dr. Brett Cooper and Dr. E. Wayne Foley, by and through their undersigned counsel, hereby submit this Response to the Plaintiffs' Motion to Strike Exhibit 1 to Defendants' Second Set of Proposed Findings of Fact and Conclusions of Law Regarding Plaintiffs' Motion for Preliminary Injunction (the "Motion").

**I.    FACTS**

On August 10, 2017, Defendants filed the Defendants' Second Set of Proposed Findings of Fact and Conclusions of Law Regarding Plaintiffs' Motion for Preliminary Injunction (the "Findings"). The Findings included an exhibit comprising school board policies and/or administrative regulations from 41 Pennsylvania public school districts referencing transgender students or gender identity, with the Defendants requesting that this Court take judicial notice of the exhibit.

The policies had been compiled by Kelly Gonzalez, an employee of the Levin Legal Group, who searched an online database, BoardDocs, for policies referencing transgender students or gender identity. *See* Declaration of Kelly Gonzalez, ¶¶ 3-5, attached hereto as Exhibit 1. Among the policies identified were 11 referencing the use of restrooms and/or locker rooms by transgender students. *Id.*, ¶ 9. Ms. Gonzalez then went to the web site of the individual school districts to print out those policies. She was able to find seven of the 11 policies on school district web sites.[1] For the remaining four policies, Ms. Gonzalez printed them directly from the BoardDocs web site. *Id.*, ¶¶ 10, 11. Each of the policies permits transgender students to use facilities aligned with their gender identity.

At oral argument on August 11, 2017, Plaintiffs' counsel objected to the request for judicial notice. The Court requested that any party wishing to brief the issue do so on or before August 16, 2017. This brief provides the Defendants' argument in support of judicial notice.

## II. ANALYSIS

### A. Judicial Notice Is Appropriate Under Rule 201

Judicial notice in federal courts is governed by Federal Rule of Evidence 201, which states in pertinent part:

> Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known

---

[1] These district policies can be found at the following web sites: www.abington.k12.pa.us/policies/media/sites/policies/CURRICULUM/NONDISCRIMINATION-OF-STUDENTS-IN-CLASSROOM-PRACTICES-GENDER-EXPANSIVE-AND-TRANSGENDER-STUDENTS-SUPERINTENDENTS-ADMINISTRATIVE-PROCEDURE.pdf; http://www.epasd.org/Page/4206; www.lmsd.org/uploaded/documents/Board/Policies/200/Policy_P259.pdf; www.lmsd.org/uploaded/documents/Board/Policies/200/Policy_AR259.pdf; www.philasd.org/src/wp-content/uploads/sites/80/2017/06/252.pdf; www.rtmsd.org/cms/lib/PA01000204/Centricity/Domain/22/15%20-%20253%20Transgender.pdf; www.boarddocs.com/pa/udub/Board.nsf/goto?open&id=AGFULM74B845; www.wsdweb.org/uploaded/schools/District/Administration/School_Board/Board_Policies/200/_261_Nondiscrimination_Transgender_and_Gender_Expansive_Students_Policy.pdf. *See* Gonzalez Decl., n.2-8.

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) Taking Notice. The court: (1) may take judicial notice on its own; or (2) ***must take judicial notice*** if a party requests it and the court is supplied with the necessary information.

Fed. R. Evid. 201 (emphasis added).[2] In this case, the Defendants ask this Court to take judicial notice of adjudicative facts that, as will be shown, can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Defendants ask this Court to take notice of the policies included in Exhibit 1 because they provide evidence that several Pennsylvania public school districts have made a public policy of permitting transgender students to use facilities aligned with their gender identity. As such, the Court needs only to be able to determine whether the asserted policies have been enacted as alleged.

As enactments by political subdivisions, school board policies are appropriate for judicial notice as public, governmental records. *See Frank "Doe" v. WM Operating, LLC*, No. CV 17-2204, 2017 WL 3390195, at *7 (E.D. Pa. Aug. 7, 2017) ("Courts will generally take judicial notice of governmental records."); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006) (same); *see also Massachusetts v. Westcott*, 431 U.S. 322 (1977) (taking judicial notice that a license has been verified from Coast Guard records). [3]

---

[2] Defendants stated in the Findings that this Court could take judicial notice of Exhibit 1 based on a Pennsylvania statute requiring judicial notice of "ordinances of municipal corporations of this Commonwealth." 42 Pa. C.S. § 6107. Upon further investigation, the Defendants now believe that the topic is more properly addressed by Rule 201; however, the same result occurs in either case.

[3] The Plaintiff cite a First Circuit case, *Getty Petroleum Mktg., Inc. v. Capital Terminal Corp.*, 391 F.3d 312, 321 (1st Cir. 2004) for the proposition that municipal ordinances are not generally subject to the doctrine of judicial notice. In Getty, the court noted that such ordinances are generally not readily available. However, the court cited cases from 1962, 1945, and 1908. Obviously those courts did not have access to municipal ordinances via the Internet. Today those same courts would likely determine that the ordinances are readily available. See, e.g., *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) ("[M]atters of public record such as state statutes, city charters, and city ordinances fall within the category of "common knowledge" and are therefore proper subjects for judicial notice.")

With the Gonzalez Declaration attached to this brief, the Defendants have provided the Court and all parties with the proof that seven of the policies addressing the use of privacy facilities by transgender students were collected from the web sites of the districts themselves, and the remaining four were collected from the web site of BoardDocs, a company that provides document management services for school districts. Gonzalez Decl., ¶¶ 4, 9-11. The Declaration also provides the uniform resource locators ("URLs") for the policies found on the school district web sites so that they can be verified as authentic. *Id.*, n.2-8.

Other courts have taken notice of documents publicly displayed on web sites, including school district web sites. *See, e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of public records found on the City of Santa Monica web site). In *Daniels-Hall v. Nat'l Educ. Ass'n*, the Ninth Circuit took judicial notice of a list of approved vendors on the web sites of the South Kitsap and El Dorado School Districts. *Daniels-Hall*, 629 F.3d 992, 998-99 (9th Cir. 2010). In this case, the school district policies are even more reliable records than the lists in *Daniels-Hall* as school board policies are official documents adopted by resolutions of the various school boards. As such, this Court can clearly take judicial notice of the seven policies printed from the district web sites.

The Plaintiffs correctly note in their Motion that some of the policies were printed from the BoardDocs web site. They then note that the Third Circuit has "cautioned against taking judicial notice of materials hosted on private corporation websites." Motion, ¶ 20 (*citing Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007)). However, in *Victaulic*, the court merely noted that corporate web sites are marketing tools and can be "full of imprecise puffery." *Id.* However, that is not a concern in this case where BoardDocs is not making any claims about its business. It is merely provides organizations, such as school districts, with a document system for "the

preparation, approval and distribution of documents associated with board meetings." Motion, n.1. Plaintiffs provide no explanation why BoardDocs would possibly post inaccurate board policies for any school district. Indeed, BoardDocs' accuracy cannot reasonably be questioned. *See United States v. Garcia*, 855 F.3d 615, 621-22 (4th Cir. 2017) (upholding judicial notice by district court where objecting party did not identify any potential specific inaccuracy). Therefore, not only may the Court take judicial notice of the policies in Exhibit 1, it is seemingly required to do so under the terms of Rule 201(c) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").

In any event, it is clear that at the very least the Court must take judicial notice of the seven school board policies in Exhibit 1 that can be verified on the school district web sites.

**B.     Documents Are Authenticated By The Gonzalez Declaration**

The Plaintiffs claim that this Court cannot take judicial notice of the school board policies in Exhibit 1 because they have not been authenticated. Motion, ¶ 17. However, with the production of the Gonzalez Declaration, the policies are now properly authenticated.

The Federal Rules of Evidence state, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The rule goes on to provide examples of various types of authentication. "The following are examples . . . of evidence that satisfies the requirement: (1) Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be. . . . (7) Evidence About Public Records. Evidence that . . . a purported public record or statement is from the office where items of this kind are kept." Fed. R. Evid. 9(b).

In this case, the Gonzalez Declaration provides authentication both that the school board policies in Exhibit 1 are, in fact, school board policies, and that the policies were printed from official web sites – of both school districts and BoardDocs – where Pennsylvania public school board policies are regularly found. *See McLaughlin v. Bayer Corp.*, Civ. A. 14-7315, 2017 WL 697047 at *4, n.5 (Feb. 21, 2017) (finding that document appearing on a public agency web site were "indisputably authentic"). Meanwhile, the Plaintiffs admit that if the policies included URLs, their authenticity could be verified. Motion, ¶ 20. The Gonzalez Declaration and this brief provide those URLs. Accordingly, the school board policies can be authenticated.

C. **School Board Policies Fall Under The Public Records Exception To Hearsay**

The Plaintiffs claim that the school board policies in Exhibit 1 are not covered by any exception to the rule against hearsay (Fed. R. Evid. 802). Motion, ¶ 24. However, the school board policies are not hearsay, as they are not being offered for the truth of the matters asserted.[4] The Defendants have introduced the policies simply to show that policies permitting transgender students to use privacy facilities aligned with their gender identities have been enacted by Pennsylvania public school districts. The Defendants are not introducing the policies to show that transgender students in those districts have indeed been permitted to use those facilities. Therefore, because the policies are being introduced simply to show that they exist, no hearsay exception is necessary.

Furthermore, to the extent that the policies in Exhibit 1 are deemed to be hearsay, they are covered by the Public Records Exception to hearsay. Fed. R. Evid. 803(8). That exception allows the introduction of a public record if it sets out the offices activities and the opponent does not show that the source of information or other circumstance indicate a lack of trustworthiness. *Id.*

---

[4] 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

With the introduction of the Gonzalez Declaration, any assertion of a lack of trustworthiness by the Plaintiffs has been dismissed.

### D. The School Board Policies Are Relevant To This Litigation

The Plaintiffs also challenge this Court's taking judicial notice of the Exhibit 1 school board policies on the grounds that they are not relevant to the preliminary injunction sought by the Plaintiffs. Motion, ¶ 5. However, the Plaintiffs fail to recognize that the policies enacted by Pennsylvania school districts provide evidence as to the public interest to be weighed in determining whether to issue a preliminary injunction.

As the Plaintiffs correctly note, a party seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). The Third Circuit has noted that the public interest is given additional weight where it has been formalized in a statute. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 803 (3d Cir. 1989). For students attending Pennsylvania public schools, their rights are formalized in school board policies. As such, the school board policies in Exhibit 1 provide evidence that at least 11 school districts have formalized transgender students' right to use restrooms and locker rooms aligned with their gender identity, which provides evidence relevant to the fourth element of the preliminary injunction analysis. Therefore, the school board policies in Exhibit 1 are clearly relevant under Fed. R. Evid. 401,[5] and they weigh in favor of a denial of the Plaintiffs' preliminary injunction request.

---

[5] Rule 401 provides, "Evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."

**III.    CONCLUSION**

For all of the reasons presented in this brief, the Defendants respectfully request that the Court deny the Motion and take judicial notice, pursuant to Fed. R. Evid. 201, of all of the policies in Exhibit 1.  In the alternative, the Defendants request that the Court take judicial notice of the seven school board policies printed from the official web sites of the relevant school districts as set out in the Gonzalez Declaration, and as required under Fed. R. Evid. 201.

Respectfully submitted,

Date: August 16, 2017

*/s/ David W. Brown*
Michael I. Levin, Esq. (PA 21232)
David W. Brown, Esq. (PA 201553)
LEVIN LEGAL GROUP, P.C.
1800 Byberry Road, Suite 1301
Huntingdon Valley, PA 19006

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2017, I caused the foregoing Defendants' Response To Plaintiffs' Motion To Strike to be filed using the Court's Electronic Case Filing system, and a Notice of Electronic Case Filing was served upon all counsel in accordance with Fed. R. Civ. P. 5(b).

                                                */s/ David W. Brown*
                                                David W. Brown